STATE of Tennessee, Appellee,

v.

Visuvalingam VILVARAJAH, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

April 15, 1987.

James O. Marty, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., J.C. McLin, Asst. Dist. Atty. Gen., Memphis, (Trial Court Only), for appellee.

## OPINION

JONES, Judge.

The appellant, Visuvalingam Vilvarajah, has filed an application for extraordinary appeal pursuant to Rule 10, Tenn.R.App.P. He asks this Court to review the interlocutory orders of the trial court permitting disclosure of the incriminating statements made by the appellant to an examiner appointed by the trial court and the psychiatrist presently treating the appellant. The State of Tennessee urges this Court to dismiss the appellant's application. The State contends the issues raised are not (a) appropriate for review through the medium of an extraordinary appeal and (b) required to be resolved prior to an appeal as of right.

While the appellant is charged with two counts of murder first degree, and the State of Tennessee has announced it will seek the extreme penalty of death, we are of the opinion this Court has jurisdiction to entertain the appellant's application. A direct appeal to the Supreme Court is mandated in capital cases "[w]henever the death penalty is imposed for murder first degree." See T.C.A. § 39-2-205(a). Until the accused has been sentenced to death, this Court has appellate jurisdiction in capital cases.

This Court is of the opinion the trial court's orders granting the State of Tennessee the right to discover the results or reports of physical and mental examinations is broader than Rule 16(b)(1)(B), Tenn. R.Crim.P., permits. This constituted a departure "from the accepted and usual course of judicial proceedings as to require immediate review." Tenn.R.App.P. 10(a). Therefore, we grant the appellant's application for extraordinary appeal; but we limit our review to the orders granting the State discovery.

After the appellant gave notice of an insanity defense, the State of Tennessee sought the entry of an order requiring the appellant to permit the State to inspect and copy any results or reports of any physical or mental examinations which were within the possession or control of the appellant. See Tenn.R.Crim.P. 16(b)(1)(B). When this motion was argued, the State took the position it was entitled to discover this information as a matter of right and without limita-

tion. The appellant, concerned about incriminating statements the appellant may have made to his psychiatrist, countered by invoking the psychiatrist-patient privilege as well as the federal and state constitutional prohibitions against self-incrimination. Defense counsel asked the trial court to defer discovery of the appellant's statements to the psychiatrist until the trial. See Tenn.R.Crim.P. 16(d)(1). The trial court rejected the appellant's request and entered an order granting the motion. This order required the appellant to "permit the State to inspect and copy reports of any examinations or tests regarding physical or mental examinations of the defendant, as defined in Rule 16(b)(1)(B), Tennessee Rules of Criminal Procedure." The trial court, reading Tenn.R.Crim.P. 12.2(c) and 16(b)(1)(B) together, concluded the appellant was adequately protected because the provisions of Rule 12.2(c) prevent the State from introducing the statements as part of its case in chief.

■ While the State of Tennessee is entitled "to inspect and copy or photograph any results or reports of physical or mental examinations", this right is not without limitations. The State's right to discovery is limited to results and reports which are (a) "within the possession or control of the defendant", and (b) "the defendant intends to introduce as evidence in chief at the trial", or (c) "were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to his testimony." Tenn.R.Crim.P. 16(b)(1)(B). Thus, the order entered by the trial court is too broad in its scope. The order is modified to incorporate the limitations contained in Tenn.R.Crim.P. 16(b)(1)(B).

In the case *sub judice* the appellant is faced with the dilemma of whether Dr. Hilary Linder, his personal psychiatrist, should be called as a defense witness. If the appellant intends to call Dr. Linder as a witness, and his reports relate to the testimony he is to give at the trial, the appellant must comply with the discovery order entered by the trial court. Conversely, if, after reviewing Dr. Linder's reports, the appellant makes the decision not to call Dr. Linder as a witness, or the reports do not relate to the scope of his testimony, the appellant is not required to comply with the discovery order.

■ The appellant's decision concerning Dr. Linder as a witness must be made a reasonable period of time prior to trial. The appellant cannot avoid the reciprocal discovery requirement by delaying his decision until the day of trial. *See State v. Bell,* 690 S.W.2d 879, 883 (Tenn.Crim.App. 1985). Of course, what constitutes a "reasonable period of time prior to trial" is a matter which addresses itself to the sound discretion of the trial court.

■ The appellant cannot evade the State's right to discovery by contending Dr. Linder has not submitted a written report. *State v. Bell,* supra. The trial court has the authority to order the appellant to obtain a written report from Dr. Linder and deliver the report to the District Attorney General if Dr. Linder is to testify as a defense witness. *State v. Bell,* supra. In the alternative, the trial court can apply one of the sanctions contained in Rule 16(d)(2).

■ The appellant's contention that Dr. Linder's reports constitute "work-product", and, therefore, are not discoverable, is without merit. Scientific and medical reports are not protected by the rule. See Tenn.R.Crim.P. 16(b)(2). Nor can the appellant avoid the reciprocal discovery requirement by invoking the psychiatrist-patient privilege. See T.C.A. § 24-1-207. If the appellant invokes this privilege, and does not furnish the State with a report, Dr. Linder's testimony will be subject to the sanctions contained in Rule 16(d)(2), Tenn.R.Crim.P.

■ The trial court's reliance upon Rule 12.2(c), Tenn.R.Crim.P. to conclude that statements made by the appellant, included in reports discoverable pursuant to Rule 16(b)(1)(B), are not admissible as part of the State's case in chief is misplaced. The exclusionary rule contained in Rule 12.2(c) only excludes "statement[s] made by the defendant *in the course of any examination provided for by this rule....*" [Em-

phasis added] This rule comports with the decision of the United States Supreme Court in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Thus, the State of Tennessee is free to call Dr. Linder as its witness; and any statements made by the appellant to Dr. Linder will be admissible in the State's case in chief. The psychiatrist-patient privilege does not apply when the patient raises an issue concerning his mental or emotional condition. *See* § 24–1–207(a)(1).

This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

WALKER, P.J. and DWYER, J., concur.